## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RORY M. WALSH,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**FBI DIRECTOR JAMES B. COMEY, JR.,**<br>*et al.*,<br><br>    **Defendants.** | **Civil Action No. 15-348 (JEB)** |

### <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Rory M. Walsh filed this suit against an assortment of government officials, alleging a conspiracy to surveil, intimidate, and harass him and his family.  When he claimed two Defendants had failed to respond, the Clerk of the Court entered default against them, but the Court subsequently granted those Defendants' Motion to Vacate Entry of Default. <u>See</u> ECF Nos. 9, 37.  Unhappy with this decision, Walsh now moves to recuse this Court from presiding over his suit.  As he has not alleged sufficient facts to warrant such relief, the Court will deny the Motion.

Plaintiff grounds his recusal request on two statutes: 28 U.S.C. § 455(a) and (b)(1), and 28 U.S.C. § 144, each of which is addressed in turn.  Before proceeding with that analysis, the Court notes that, while it has the option of forwarding the Motion to Recuse to another judge, transfer is not required.  <u>See</u> <u>Karim-Panahi v. U.S. Congress</u>, 105 F. App'x 270, 274-75 (D.C. Cir. 2004).  Since the issues presented here are neither complex nor compelling, the Court will not impose on a colleague.

A. <u>28 U.S.C. § 455</u>

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Subsection (b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The Court bears in mind that "[t]he standard under section 455(a) is objective: a judge must recuse [him]self only if there is a showing of <u>an appearance</u> of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality."  <u>Karim-Panahi</u>, 105 F. App'x at 274 (citation and internal quotation marks omitted) (emphasis added).  Section (b)(1), conversely, provides grounds for recusal from a court's <u>actual</u> bias gained from extrajudicial sources.  <u>See id.</u>; <u>see also</u> <u>United States v. Pollard</u>, 959 F.2d 1011, 1031 (D.C. Cir. 1992) (discussing standards).  As Plaintiff notes, these two provisions "afford separate, though overlapping, grounds for recusal."  Mot. at 4.  While he does not clearly state which allegations of his pertain to which provision, his Motion fails to satisfy either standard.

In seeking recusal under § 455(a), Walsh alleges that this Court harbors a "deep seated and unequivocal antagonism" and "resentment against disabled veteran Walsh [and] has broadcast same resentment to his staff."  Mot. at 5-6; Exh. B (Counsel Certificate of Good Faith) at 1.  In support, he offers two central arguments.  Walsh first points to the fact that the Court's Order instructing him to respond to Defendants' Motion to Dismiss states that his case could otherwise be dismissed <u>with prejudice</u>.  He claims that Defendant's Motion did not seek dismissal with prejudice, and the Court's Order thus reflects "open bias and prejudice" towards him.  <u>See</u> Mot. at 2-3.

Walsh is correct that Defendants did not specify whether they sought a dismissal with or without prejudice. Because they left it ambiguous, and because such motions <u>can</u> result in dismissal with prejudice, the Court added the phrase "with prejudice" to advise Plaintiff, per <u>Neal v. Kelly</u>, 963 F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7(h), of <u>all</u> potential ramifications should he fail to respond. In any event, "[t]o the extent that the plaintiff disagrees with the Court's orders issued to date in this case, such judicial actions alone almost never establish a valid basis for a bias or partiality motion." <u>Caldwell v. Obama</u>, 6 F. Supp. 3d 31, 43 (D.D.C. 2013), <u>appeal dismissed</u> (July 24, 2014); <u>see</u> <u>SEC v. Loving Spirit Found. Inc.</u>, 392 F.3d 486, 494 (D.C. Cir. 2004) ("[W]e have found no case where this or any other federal court recused a judge based only on his or her rulings. . . . 'Almost invariably,' the Supreme Court has admonished, adverse judicial decisions give 'proper grounds for appeal, not recusal.'") (internal citations omitted).

Walsh next posits that the Court's description of his current and previous lawsuits as "frivolous," "fanciful," and "fantastical" reflects underlying partiality. <u>See</u> Mot. at 8-10. Such adjectives, however, are supported by both an objective reading of Plaintiff's Complaint and the opinions of several courts faced with nearly identical iterations of his suit. <u>See</u> <u>Walsh v. Jones</u>, No. 13-928, ECF No. 74 (Order) at 1, 2014 WL 8763339 (D.D.C. June 3, 2014) ("There is no factual basis whatsoever for this motion. . . . It is simply another frivolous claim based on a bizarre government conspiracy theory dismissed by Judge Roberts."), <u>aff'd</u>, No. 14-5221, 2015 WL 1606937 (D.C. Cir. Mar. 13, 2015); <u>Walsh v. Hagee</u>, 10 F. Supp. 3d 15, 19 (D.D.C. 2013) ("Walsh relies on conjecture and unsupported assertions to reiterate the same allegations."), <u>aff'd</u>, No. 14-5058, 2014 WL 4627791 (D.C. Cir. July 11, 2014); <u>Walsh v. Hagee</u>, 900 F. Supp. 2d 51, 58-59 (D.D.C. 2012) ("This is the sort of bizarre conspiracy theory that warrants dismissal

under the [patently insubstantial] standard."), aff'd, No. 12-5367, 2013 WL 1729762 (D.C. Cir. Apr. 10, 2013); Walsh v. FBI, 905 F. Supp. 2d 80, 82 n.1 (D.D.C. 2012) ) ("[Walsh] moved for leave to file a petition for a writ of mandamus alleging fanciful, improbable allegations and showing no good cause for the relief sought . . . ."), aff'd, No. 12-5386, 2015 WL 1606659 (D.C. Cir. Mar. 9, 2015); Walsh v. United States, No. 05-0818, 2008 WL 2412968, at *2 n.11 (M.D. Pa. June 10, 2008) (Walsh's legal arguments are "replete with unsupported conclusions and speculation . . . and [are] woefully insufficient."), aff'd, 328 F. App'x 806 (3d Cir. 2009); Walsh v. United States, 328 F. App'x 806, 810 (3d Cir. 2009) ("[W]e have considered the arguments in Walsh's briefs regarding all of his issues and find them to be of no merit.").  Plaintiff's argument, in short, fails to hold up in light of the plethora of court decisions characterizing his allegations as fantastical and unsupported.

Moving next to § (b)(1), the Court concludes that Plaintiff has not articulated any bias emanating from outside the four corners of the case.  Instead, all he can manage is an allegation that differing entries on the Court's docket somehow demonstrate that "extrajudicial" sources are at play.  See Mot. at 6.  He says that such entries show "this action has been prejudiced as Judge Boasberg openly boasts of his prejudice and bias to his clerks outside of his rulings."  Id.  Putting aside the fact that "a law clerk is essentially an extension of his judge," Bishop v. Albertson's, Inc., 806 F. Supp. 897, 899 (E.D. Wash. 1992), Walsh has not alleged that the Court or its law clerks made any decision based on anything learned outside the case.

B.  28 U.S.C. § 144

Title 28 U.S.C. § 144 provides that a judge should recuse himself whenever a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  See

Loving, 392 F.3d at 492 (discussing procedural requirements for filing § 144 Motion).

"Importantly, the mere fact that a party has filed a § 144 motion, accompanied by the requisite affidavit and certificate of counsel, does not automatically result in the challenged judge's disqualification.  Rather, recusal is required only upon the filing of a 'timely and sufficient affidavit.'"  Strange v. Islamic Republic of Iran, 46 F. Supp. 3d 78, 81 (D.D.C. 2014) (citing 28 U.S.C. § 144) (internal citations omitted) (emphasis in original).  "The question of whether the motion and supporting affidavit is . . . legally sufficient is for this Court to determine in the first instance."  Id.  Legal sufficiency requires that facts be set forth with sufficient particularity that "would fairly convince a sane and reasonable mind that the judge does in fact harbor the personal bias or prejudice contemplated by the statute."  Id. (citing United States v. Hanrahan, 248 F. Supp. 471, 475 (D.D.C. 1965)).

Plaintiff's affidavit repeats, mostly word for word, the two allegations made in his Motion.  First, he reiterates his claim that the Court's addition of the phrase "with prejudice" and use of the adjective "fantastical" reflects prejudice.  Compare Mot. at 2-4 with Exh. A (Affidavit of Captain Rory M. Walsh) at 1.  Second, he avers that this Court "openly boasts within his office to his staff that he has prejudged this action," and such "extrajudicial source" renders the Court partial.  Compare Mot. at 6 with Walsh Aff. at 1-2.

For all of the reasons described with respect to § 455, the Court finds the § 144 claim deficient for setting forth "merely conclusory and therefore legally insufficient" allegations.  See United States v. Bennett, 539 F.2d 45, 51 (10th Cir. 1976); Harris v. Geico Gen. Ins. Co., 961 F. Supp. 2d 1223, 1230 (S.D. Fla. 2013) (denying motion for recusal that "merely restates in conclusory fashion [plaintiff's] belief that the [court's] comments at the hearing are indicative of bias").  Plaintiff, in short, has offered no facts that would fairly convince a sane and reasonable

mind to question this Court's impartiality.  See Baldyga v. United States, 337 F. Supp. 2d 264,

270 (D. Mass. 2004) (district judge declined to recuse himself where plaintiff alleged judicial

conspiracy without any facts to support such claim); Rademacher v. City of Phoenix, 442 F.

Supp. 27, 28 (D. Ariz. 1977) (denying motion for recusal that was "comprised of either irrelevant

matters or mere conclusory assertions").

The Court, accordingly, will issue a contemporaneous Order denying the Motion.


/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  June 22, 2015